UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OTHA MICHAEL WILLIAMS | CIVIL ACTION |
| VERSUS | NO. 11-1664 |
| ASSOCIATION DE PRÈVOYANCE INTERENTREPRISES d/b/a/ PREVINTER, SIACI SAINT HONORÉ d/b/a/ MOBILITY BENEFITS & PRIDE INTERNATIONAL, INC. LONG TERM DISABILITY PLAN | SECTION: "G"(2) |

## ORDER AND REASONS

On January 30, 2012, Plaintiff Otha Michael Williams ("Plaintiff") moved for an Entry of Preliminary Default[1] against defendants Association de Prèvoyance Interentreprises d/b/a/ Previnter ("Previnter") and Group Long Term Disability Plan for Employees of Pride International, Inc. ("Pride"),[2] which the Clerk of Court granted on January 31, 2012.[3] On May 2, 2012, the Court held an evidentiary hearing on the default judgment against Previnter and Pride.[4] Plaintiff requests that the Court enter judgment against Previnter and Pride: (1) awarding Plaintiff past monthly long term disability benefits of $3,973.58 from September 11, 2009, through the present; (2) declaring that Plaintiff has a right to ongoing long term disability benefits under the terms of the Plan; (3) awarding Plaintiff ongoing long term disability benefits under the terms of the Plan; (4) declaring as illegal and unenforceable the Plan's claims procedures that require Plaintiff and all Plan participants to

---

[1] Rec. Doc. 22.

[2] This defendant has previously been misnamed and/or misidentified as "Pride International, Inc. Long Term Disability Plan." *See* Rec. Doc. 57-1 at p. 1.

[3] Rec. Doc. 23.

[4] Rec. Doc. 47.

1

appeal adverse benefits determinations through involuntary binding arbitration in France at their expense; (5) awarding costs and reasonable attorney's fees to Plaintiff; (6) awarding prejudgment and post-judgment interest on all amounts due, until paid; and (7) for all other relief that Plaintiff is entitled.[5] On August 31, 2012, Pride filed a motion to set aside the entry of the January 30, 2012 default, wherein it claims that the default judgment must be set aside because it was never properly served.[6] No opposition to the motion was filed.

Courts have routinely withheld from entering a default judgment in multiple defendant cases when such entry could result in inconsistent judgments among all of the defendants.[7] In addition to Pride and Previnter, Plaintiff has also brought claims against Defendant SAICI Saint Honoré d/b/a Mobility Benefits ("SAICI"). Plaintiff's complaint alleges that all defendants are liable under many of the same claims alleged,[8] including that all defendants violated ERISA by requiring binding arbitration in France at Plaintiff's expense.[9] Therefore, an entry of default judgment against Pride and Previnter at the present time may result in inconsistent judgments among all Defendants,

---

[5] Rec. Doc. 50.

[6] Rec. Doc. 57. Pride contends that Plaintiff's Amended Complaint was served upon Sylvie Bouvier, a legal assistant for SAICI Saint Honore, another defendant, who by law is not able to accept service on behalf of Pride. Rec. Doc. 57-1 at p. 2. As the Court finds other reasons to set aside entry of the default, and in effect grant Pride's motion, the Court need not address the issue of proper service here.

[7] *See United Nat'l Ins. Co. v. Paul and Mark's Inc.,* No. 10-799, 2011 U.S. Dist. LEXIS 10961, *13 (E.D. La. Feb. 3, 2011) (Lemelle, J.) (denying an entry of default judgment when entering default judgment could result in inconsistent rulings and judgments among the defendants); *Mason v. N. Am. Life and Cas. Co.*, No. 94-1139, 1995 U.S. Dist. LEXIS, *3-*4 (E.D. La. Nov. 15, 1995) (Carr, J.) ("The Court declines to enter judgment against a defaulting defendant when such a judgment would require resolution of issues of law to the detriment of a defendant who has answered but has not been heard on the merits."); *See also* Wright, Miller, Kane, & Marcus, *Federal Practice and Procedure* § 2690 (3d. ed. 2012) ("As a general rule, when one of several defendants who is alleged to be jointly liable defaults, judgments should not be entered against him until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted. To rule otherwise could result in inconsistent judgments.") (citing *Frow v. De la Vega*, 82 U.S. 552 (1872)).

[8] *See* Rec. Doc. 4 at ¶¶ 25-41.

[9] *Id*. at ¶¶ 25-27.

specifically SAICI.  Accordingly,

    **IT IS HEREBY ORDERED** that Plaintiff's Motion for Entry of Default Judgment against Pride and Previnter is **DENIED**.

    **IT IS FURTHER ORDERED** that Defendant Pride's Motion to Set Aside Entry of Default[10] is **GRANTED**, for the reasons stated above.

    New Orleans, Louisiana, this __30th__ day of November, 2012.

                                           **NANNETTE JOLIVETTE BROWN**
                                           **UNITED STATES DISTRICT JUDGE**

---

[10] Rec. Doc. 57.