UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**OTHA MICHAEL WILLIAMS**  CIVIL ACTION

**VERSUS**  NO. 11-1664

**ASSOCIATION DE PREVOYONCE**  SECTION: "G"(2)
**INTERENTREPRISES, et al.**

**ORDER AND REASONS**

Before the Court is Defendant Group Long Term Disability Plan for Employees of Pride International, Inc.'s ("the Plan") Motion to Dismiss[1] for failure to timely serve the amended complaint. No opposition to the pending motion has been filed. After considering the motion, the memorandum in support, the record, and the applicable law, the Court will deny the pending motion.

**I. The Plan's Argument**

The Court has elsewhere recounted the factual background of this case.[2] For this reason, and because the allegations in the complaint have no bearing on the resolution of the pending motion, the Court will decline to restate the background here.

In support of the pending motion, the Plan argues that Plaintiff Otha Michael Williams ("Plaintiff") failed to timely serve the Plan with the amended complaint and summons.[3] Instead, the Plan claims that Plaintiff served the amended complaint and summons on Sylvie Bouvier, a legal assistant for a Paris, France based company, SAICI Saint Honore, another defendant, who is unrelated to the Plan.[4] Moreover, the Plan argues that at the time it filed the pending motion, 120

---

[1] Rec. Doc. 56.

[2] *See* Rec. Doc. 52 at pp. 3-5.

[3] Rec. Doc. 56-1 at p. 1.

[4] *Id.* (citing Rec. Doc. 14).

days had passed since Plaintiff filed the amended complaint and proper service was never made on the Plan.[5] Therefore, the Plan seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5).[6]

The Plan explains that Plaintiff filed an amended complaint[7] on September 15, 2011, and the return of service on file with the Court indicates that service was effectuated on November 9, 2011, when the amended complaint was delivered to Ms. Bouvier in Paris, France, who is a legal assistant for another defendant.[8] The Plan points out that the plan description specifically provides an agent for legal process in Houston, Texas.[9] As such, the Plan contends that it was not properly served in accordance with Federal Rule of Civil Procedure 4(e) and 4(m) or 29 U.S.C. § 1132(d)(1).[10]

The Plan explains that under Rule 4(e):

Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

---

[5] *Id.*

[6] *Id.* at pp. 1-2.

[7] Rec. Doc. 4

[8] Rec. Doc. 56-1 at p. 2.

[9] *Id.*

[10] *Id.* at p. 3.

>(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

The Plan states that "Bouvier is not an employee, officer, managing or general agent, trustee, administrator, or any other agent authorized by appointment or by law to receive service of process on behalf of the Plan."[11]

In addition, the Plan explains that Plaintiff could have served the Plan pursuant to 29 U.S.C. § 1132(d)(1) which states:

> An employee benefit plan may sue or be sued under this subchapter as an entity. Service of summons, subpoena, or other legal process of a court upon a trustee or an administrator of an employee benefit plan in his capacity as such shall constitute service upon the employee benefit plan. In a case where a plan has not designated in the summary plan description of the plan an individual as agent for the service of legal process, service upon the Secretary shall constitute such service. The Secretary, not later than 15 days after receipt of service under the preceding sentence, shall notify the administrator or any trustee of the plan of receipt of such service.

Again, the Plan restates that it specifically designated that service could have been made upon it to an address in Houston, Texas, or upon Hartford Life and Accident Insurance Company, yet Plaintiff failed to do so.[12] Therefore, the Plan contends that Rule 4(m) mandates that if a defendant is not served within 120 days after a complaint is filed, the Court must dismiss the action against that defendant without prejudice or order that service be made within a specific time.[13] Therefore, the Plan requests that this Court enter an order quashing the summons and return of service for the Plan and dismiss Plaintiff's causes of action against it pursuant to Rule 12(b)(5).

---

[11] *Id.* at p. 4.

[12] *Id.* (citing Ex. B-1).

[13] *Id.* at p. 5.

## II. Law and Analysis

While the Plan is correct in its analysis, subsequent to the filing of this motion, Plaintiff filed a second amended complaint.[14] Within 120 days, Plaintiff served the second amended complaint on the Plan at the Houston, Texas address designated for service.[15] While Rule 4(m) permits a district court to dismiss a defendant without prejudice if not served within 120 days of a complaint, the Fifth Circuit has acknowledged that this is discretionary. "[E]ven if good cause is lacking, the court has discretionary power to extend time for service."[16] It is only when good cause exists that a district court *must* extend the time for service.[17]

While the amended complaint was not served upon the Plan in accordance with Rule 4(m), the Court will exercise its discretion and decline to dismiss the Plan without prejudice. Despite not being properly served with the amended complaint, the Plan has been apprised of this matter, and therefore has not been prejudiced in its defense. Further, the second amended complaint was properly served upon the Plan, and now this action may proceed with all defendants being served.

## III. Conclusion

While the amended complaint was not properly served upon the Plan, this Court has discretion to extend the period for service, even in the absence of good cause. Subsequent to the filing of the pending motion, a second amended complaint was filed and properly served upon the Plan. Accordingly,

---

[14] Rec. Doc. 86.

[15] Rec. Doc. 87.

[16] *Newby v. Enron Corp.*, 284 Fed. App'x 146, 149 (5th Cir. 2008) (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)).

[17] *Id.*

IT IS HEREBY ORDERED that the Plan's Motion to Dismiss[18] is DENIED;

IT IS FURTHER ORDERED that Plaintiff must serve the Plan with the amended complaint[19] within thirty (30) days of this order.

NEW ORLEANS, LOUISIANA, this 30th day of January, 2013.

*Nannette Jolivette Brown*
NANNETTE JOLIVETTE BROWN
UNITED STATES DISTRICT JUDGE

---

[18] Rec. Doc. 56.

[19] Rec. Doc. 4.